UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CHAVEZ,<br><br>       Petitioner,<br><br>   v.<br><br>M. STAINER, Warden, et al.,<br><br>       Respondents. | Case No. 1:13-cv-00436-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOCS. 13, 1), DISMISS PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING (DOC. 3), DISMISS THE PETITION FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is Respondent's motion to dismiss the petition, which was filed on June 3, 2013. Petitioner filed opposition to the motion on July 29, 2013. Respondent filed a reply on August 6, 2013.

    I.  <u>Proceeding by a Motion to Dismiss</u>

    Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled thereto.  28 U.S.C. § 2243.  Habeas Rule 4 permits the filing of "an answer, motion, or other response," and thus it authorizes the filing of a motion in lieu of an answer in response to a petition.  Rule 4, Advisory Committee Notes, 1976 Adoption and 2004 Amendments.  This gives the Court the flexibility and discretion initially to forego an answer in the interest of screening out frivolous applications and eliminating the burden that would be placed on a respondent by ordering an unnecessary answer.  Advisory Committee Notes, 1976 Adoption.  Rule 4 confers upon the Court broad discretion to take "other action the judge may order," including authorizing a respondent to make a motion to dismiss based upon information furnished by respondent, which may show that a petitioner's claims suffer a procedural or jurisdictional infirmity, such as res judicata, failure to exhaust state remedies, or absence of custody.  Id.

The Supreme Court has characterized as erroneous the view that a Rule 12(b)(6) motion is appropriate in a habeas corpus proceeding. See, Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257, 269 n. 14 (1978); but see Lonchar v. Thomas, 517 U.S. 314, 325-26 (1996).  However, in light of the broad language of Rule 4, motions to dismiss are appropriate in cases that proceed pursuant to 28 U.S.C. § 2254 and present issues of failure to state a colorable

claim under federal law, O'Bremski v. Maas, 915 F.2d 418, 420-21 (9th Cir. 1990); procedural default in state court, White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); and failure to exhaust state court remedies, Hillery v. Pulley, 533 F.Supp. 1189, 1194 n.12 (E.D.Cal. 1982).

Analogously, a motion to dismiss a petition for a lack of subject matter jurisdiction, such as Respondent's motion in the instant case, is appropriate because a federal court is a court of limited jurisdiction with a continuing duty to determine its own subject matter jurisdiction and to dismiss an action where it appears that the Court lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)); Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).

II.  Background

Petitioner, an inmate of the California Correctional Institution at Tehachapi, California, alleges 1) his indeterminate Security Housing Unit (SHU) term pursuant to a gang validation implicates a liberty interest; 2) there was an absence of evidence to support the finding of Petitioner's active gang association because the evidence was false, insufficient, and unreliable, and it failed to comply with the pertinent regulatory standards established by California law and due process standards of gang validation protocol; 3) the prison authorities should expunge from his prison central file (C-File) evidence of the validation of May 6, 2008, which was rejected by the Kern County Superior Court in In re Chavez, Kern County Superior Court case number HC11175A, by order dated March 3, 2010 (appearing at pet., doc. 1 at 49); 4) the CDCR

3

1  continues to rely on the 2008 gang validation previously rejected by
2  the Kern County Superior Court; and 5) Petitioner's declaration and
3  his behavior in custody for the last twenty-one years attest to his
4  inactive gang status. (Pet., doc. 1, 5-6, 11-12.) Petitioner prays
5  for reversal of his gang validation, appointment of counsel, and an
6  order of immediate release from the SHU to the general prison
7  population. (Id. at 12.)
8      Petitioner details his history with gang validation during his
9  incarceration in the California Department of Corrections and
10 Rehabilitation (CDCR), which has included validations as an
11 associate of the "EME" in 1990 and 1995; an apparently stipulated
12 validation as an inactive gang associate in January 2004;
13 revalidation as an active associate of the EME on May 6, 2008, which
14 Petitioner alleges he successfully challenged, although the CDCR
15 allegedly continues to rely on it; and validation on November 30,
16 2010, as an associate of the EME, which Petitioner asserts was based
17 on inadequate evidence. Petitioner challenges the support for the
18 finding, including a confidential memorandum regarding a note
19 wrongly attributed to Petitioner based on a mistaken gang moniker,
20 and other materials which Petitioner argues lacked a statement of
21 reliability. (Pet., doc. 1, 12-15.)
22      III.  Absence of Subject Matter Jurisdiction
23      Respondent moves to dismiss the petition on the ground that
24 Petitioner's claims are not cognizable because they do not affect
25 the fact or duration of his confinement. Respondent contends that
26 even if the claims were cognizable in a § 2254 proceeding,
27 Petitioner has failed to allege any facts to support a cognizable
28 federal claim because he alleges violations of state law and

4

concedes he received the process due under clearly established federal law.

A court will not infer allegations supporting federal jurisdiction. A federal court is presumed to lack jurisdiction; subject matter jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. Claims challenging the validity of a prisoner's continued incarceration, including the fact or length of confinement, are within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. Preiser v. Rodriguez, 411 U.S. at 498-99, 499 n.14.

In contrast, a civil rights action pursuant to 42 U.S.C.

§ 1983 is the proper method for a prisoner to challenge the conditions of that confinement but not the fact or length of the custody. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Decisions of prison administrators may affect the duration of confinement. For example, a decision in a prison disciplinary proceeding that results in a loss of previously earned time credits is a core habeas challenge to the duration of a sentence that must be raised by habeas corpus. Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings); Preiser v. Rodriguez, 411 U.S. 475, 500.

The Supreme Court has addressed the limits of habeas jurisdiction and § 1983 jurisdiction; however, the limits on habeas jurisdiction and the appropriate extent of any overlap between habeas and § 1983 have not been addressed by the Supreme Court. The Supreme Court has noted the possibility of habeas as a potential alternative remedy to a § 1983 action for unspecified additional and unconstitutional restraints during lawful custody, Preiser v. Rodriguez, 411 U.S. at 499-500. However, the Court has declined to address whether a writ of habeas corpus may be used to challenge conditions of confinement as distinct from the fact or length of confinement itself, see, Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir. 1996), vacated on other grounds, 519 U.S. 918 (1996).

Nevertheless, the Supreme Court continues to recognize a "core" of habeas corpus that refers to suits where success would inevitably

6

affect the legality or duration of confinement.  Where a successful suit's effect on the duration of confinement is less likely, the prisoner has a remedy by way of § 1983, and the matter is not within the core of habeas corpus.  See, e.g., Wilkinson v. Dotson, 544 U.S. at 82 (a new opportunity for review of parole eligibility, or a new parole hearing at which authorities could discretionarily decline to shorten a prison term, would not inevitably lead to release, and the suit would not lie at the core of habeas corpus); Wilkinson v. Austin, 545 U.S. 209 (2005) (§ 1983 action for procedural due process challenges to administrative placement in the harsh conditions of a supermax prison where such placement precluded parole consideration).

In the context of parole, the Ninth Circuit has recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus.  See, Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (habeas jurisdiction over a claim seeking expungement of a disciplinary finding likely to accelerate eligibility for parole)[1]; Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement).  However, where a successful challenge to a disciplinary hearing or administrative action will not necessarily shorten the overall length of confinement, habeas jurisdiction is lacking.

In Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), a prisoner

---

[1] The Court notes that Bostic involved a suit pursuant to 28 U.S.C. § 2241, not § 2254.

7

sought relief pursuant to § 1983 for allegedly unconstitutional disciplinary proceedings that resulted in administrative segregation. Expungement of the disciplinary action was not likely to accelerate eligibility for parole; rather, success would have meant only an opportunity to seek parole from a board that could deny parole on any ground already available to it. Thus, the suit did not threaten to advance the parole date. Id. at 859. The Court held that § 1983 was the appropriate remedy because the alleged constitutional errors did not affect the overall length of the prisoner's confinement; success in the § 1983 action would not necessarily have resulted in an earlier release from incarceration, and the § 1983 suit did not intrude upon the core or "heart" of habeas jurisdiction. Ramirez, 334 F.3d at 852, 858.

The court in Ramirez further considered the related question of the extent of habeas corpus jurisdiction, expressly stating that its holding "also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment." 334 F.3d at 858. The court reviewed the decisions in Bostic v. Carlson and Neal v. Shimoda[2] and concluded as follows:

> Our decision in *Neal v. Shimoda,* 131 F.3d 818 (9th Cir.1997), illustrates the importance of measuring the likelihood that a suit under § 1983 will affect the length of the prisoner's confinement. In *Neal*, two state prisoners filed suits under § 1983 alleging that they were classified as sex offenders in violation of the Due Process and Ex Post Facto guarantees. *Id.* at 822-23. Among

---

[2] In Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997), it was held that success in a suit challenging administrative placement in a state sex offender program which rendered the participants ineligible for parole did not necessarily affect the duration of confinement because success would not necessarily shorten the inmate's sentence, but would mean at most that the inmate would be eligible for parole consideration.

8

> other harms, both inmates argued that the classification affected their eligibility for parole. *Id.* We held that *Heck* did not require the inmates to invalidate their classification before bringing suit under § 1983, because a favorable judgment "will in no way guarantee parole or necessarily shorten their prison sentences by a single day." *Id.* at 824. The prisoner suits did not seek to overturn a disciplinary decision that increased their period of incarceration. Rather, a successful § 1983 action would provide only "a ticket to get in the door of the parole board." *Id.* A favorable judgment, therefore, would not "undermine the validity of their convictions," or alter the calculus for their possible parole. *Id.*
>
> *Neal* makes clear that under *Preiser* habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release. Thus, *Neal* accords with our holding here that habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.

Ramirez, 334 F.3d at 858-59.

California's policy of assigning suspected gang affiliates to the secured housing unit (SHU) is not a disciplinary measure, but rather an administrative strategy designed to preserve order in the prison and to protect the safety of all inmates. Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997). An inmate's liberty interest in being free from the more restrictive conditions of confinement in secured housing is generally protected by the Due Process Clause, which requires notice of the factual basis for the administrative action, an opportunity to be heard, and notice of any adverse decision. Cf., Wilkinson v. Austin, 545 U.S. 209, 223-25 (2005). Placement in administrative segregation or secured housing, however, does not necessarily affect the legality or duration of the inmate's confinement.

Petitioner argues that habeas corpus jurisdiction exists because his gang validation has a potential or likely effect on the duration of his confinement. (Pet., doc. 1, 8-11.) He cites to cases from this district and other California district courts that either expressly find jurisdiction to review gang validations that result in an indeterminate sentence to administrative segregation, decline to address the jurisdictional issue, or simply consider the merits without discussing jurisdiction. (Id. at 10-11.) Petitioner contends it is more efficient to address the merits of claims, and that because California's Board of Parole Hearings (BPH) refuses to parole any gang associates, his validation directly and inevitably affects his sentence. (Id. at 16.) On September 4, 2008, after he was validated, Petitioner received a three-year denial or "stipulation" from the California Board of Parole Hearings, and he waived parole consideration on August 2011 pending the outcome of the instant proceedings. (Id. at 111-16, exh. 19.)

Petitioner is serving a sentence of fifteen years to life and has been afforded what are identified as life prisoner progress reports and hearings. (Pet., doc. 1, at 40, 67, 114, 118.) As Respondent notes, as an indeterminately sentenced prisoner, Petitioner will be released on parole only after being found suitable for parole.[3] Considering the numerous factors considered by

---

[3] Prisoners sentenced to an indeterminate life sentence, such as fifteen years to life, must be found suitable for parole before release on parole. Cal. Pen. Code § 3041; see also, Cal. Code Regs., tit. 15, § 2400-2402. The BPH will give primary consideration to the gravity of the commitment offense in determining whether the inmate poses a current risk to society and thus is unsuitable. Cal. Pen. Code § 3041(b). The BPH will consider all available relevant, reliable information, including not only the commitment offense, but also the inmate's social and criminal history, past and present mental state, past and present attitude toward the crime, and many other circumstances. Cal. Code Regs.tit. 15, § 2402(b) - (d).

10

the BPH in determining parole suitability, even if Petitioner succeeded in challenging his gang validation, it would not guarantee him parole.

Further, Petitioner has not shown that placement in administrative segregation or secured housing necessarily affects the legality or duration of his confinement; the effect of his placement on the duration of his confinement is speculative. Petitioner also retains the opportunity to debrief regarding his gang affiliation and to change his gang status voluntarily. See, Cal. Code Regs., tit. 15, § 3378.

Petitioner's allegations that his gang validation proceedings lacked reliable evidence and involved constitutional violations concern only the conditions of his confinement. The remedies he seeks (release from the security housing unit and removal of a chronological classification record that documents his gang status) also pertain only to conditions of confinement.

Although Petitioner alleges he has a liberty interest in avoiding placement in a secured housing unit, the Supreme Court has held that where an inmate has a liberty interest in avoiding a housing placement with conditions that involve atypical and significant hardships, due process purposes is afforded if the state provides the inmate with notice of the adverse decision, reasons for the decision, and an opportunity to be heard. Cf., Wilkinson v. Austin, 545 U.S. 209, 223-29. Petitioner admits he received these protections concerning the 2010 validation. (Pet., doc. 1, 30-32, 69.)

Here, the state courts adjudicated Petitioner's claim concerning his 2010 validation proceedings, concluding that there

was reliable evidence to sustain the validation, Petitioner was afforded classification reviews of his placement, and there have been no due process violations on the part of the CDCR. (Pet., doc. 1, 122-26, 128.) To obtain relief in a proceeding pursuant to § 2254, Petitioner must show that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). To be clearly established federal law, a Supreme Court case must squarely address an issue, its cases must provide a categorical or clear answer to the question, or its cases must clearly extend to the factual context in question; if a principle must be modified to be applied to a case, it is not clearly established federal law. Wright v. Van Patten, 552 U.S. 120, 124-26 (2008); Carey v. Musladin, 549 U.S. 70, 76-77 (2006); Moses v. Payne, 555 F.3d 742, 752, 754, 760 (9th Cir. 2009). Even if Petitioner could show an effect on the duration of his confinement, the protections provided for in Wilkinson v. Austin constitute the only applicable protections required by clearly established federal law within the meaning of 28 U.S.C. § 2254.

Because Petitioner has received the only process to which he is entitled, Petitioner could not show that the state court decision was contrary to, or an unreasonable application of, clearly established federal law. Consequently, Petitioner could not state facts that point to a real possibility of constitutional error or otherwise state facts that would entitle him to relief in a § 2254 proceeding.

Similarly, Petitioner's claims concerning the violation of state statutes and regulations would not entitle him to relief in this proceeding. Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States; it is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). The Court accepts a state court's interpretation of state law, Langford v. Day, 110 F.3d at 1389, and is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001). Here, there is no indication that the state court's interpretation of state law was associated with an attempt to avoid review of federal questions. Thus, this Court is bound by the state court's interpretation and application of state law.

Petitioner has not alleged facts that demonstrate success in this suit would necessarily affect the legality or duration of his confinement. Further, Petitioner's allegations concerning procedural due process and violations of state law would not entitle him to relief and do not constitute cognizable claims. The Court concludes that Petitioner has not alleged facts that demonstrate subject matter jurisdiction in this Court over a cognizable claim

pursuant to § 2254. Accordingly, it will be recommended that the petition for writ of habeas corpus be dismissed.

### IV. Petitioner's Motion for an Evidentiary Hearing

On March 25, 2013, Petitioner filed a motion for an evidentiary hearing to assess credibility of witnesses and to resolve unspecified material facts in dispute. (Doc. 3.) Because it will be recommended that the petition be dismissed for lack of subject matter jurisdiction, it will be recommended that Petitioner's motion for an evidentiary hearing be dismissed as moot.

### V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, or (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. at 483-84.

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.  Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VI.   Recommendations

Based on the foregoing, it is RECOMMENDED that:

1)  Respondent's motion to dismiss the petition for lack of subject matter jurisdiction be GRANTED;

2)  The petition be DISMISSED for lack of subject matter jurisdiction;

3)   Petitioner's motion for an evidentiary hearing be DISMISSED as moot;

4)   The Court DECLINE to issue a certificate of appealability; and

5)   The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the

provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 16, 2013**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE